UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :    APPLICATION
FOR AN ORDER AUTHORIZING THE RELEASE     :
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - - -x

    Alixandra E. Smith, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from the following three phone numbers: (1) 908-463-8944, a telephone issued by the service provider and assigned to a Samsung cellular phone recovered from RALPH RAGIN on November 21, 2012 ("SUBJECT TELEPHONE #1"), (2) 718-964-7435, a telephone issued by the service provider and assigned to an Apple iPhone recovered from HARRY MINGO on November 21, 2012 ("SUBJECT TELEPHONE #2"), and (3) 910-849-8749, a telephone issued by the service provider ("SUBJECT TELEPHONE #3"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from November 10, 2012 to November 23, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

    In support of this application I state the following:

1. I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a special agent of the Federal Bureau of Investigation (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including theft of goods from a foreign shipment, in violation of 18 U.S.C. § 659. Second, it is believed that RALPH RAGIN and HARRY MINGO, and others known and unknown, have used the SUBJECT TELEPHONES in

furtherance of the above offense. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by corroborating the observations of witnesses and law enforcement agents.

   4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

    a. On or about November 12, 2012, a shipment of Apple iPads arrived at John F. Kennedy Airport in Queens, New York ("JFK Airport") aboard Air China Cargo Flight No. 1051, which had departed from Shanghai, China. These iPads were contained in two shipping pallets. The pallets contained 3,240 iPads, which had a wholesale value in excess of $1,000,000 ("the Shipment"). The Shipment was destined for delivery to Ingram Micro in Jonestown, Pennsylvania, and was transported to Cargo Air Services ("CAS"), located at JFK Building 261, upon its arrival in the United States. At approximately 11:00 p.m. on November 12, 2012, RALPH RAGIN ("RAGIN"), along with RENEL RICHARDSON ("RICHARDSON") and an unidentified male co-conspirator ("UNSUB"), stole the Shipment.

    b. On or about November 15, 2012, RAGIN drove a tractor trailer containing the Shipment from New York to a storage unit facility in Ladysmith, Virginia, escorted by an

associate named HARRY MINGO ("MINGO"). MINGO presented New York identification with the name "Ike Lee" to the owners of the storage unit facility, and rented a storage unit.

  c. On or about November 16, 2012, MINGO and RAGIN returned to Virginia from New York. The remainder of the Shipment was removed from the store unit on or about November 17, 2012 by RAGIN and several unknown individuals.

  d. On November 21, 2012, MINGO and RAGIN traveled from New York to Virginia to pick up the trailer that had contained the Shipment, which had been left at a location in Virginia. Law enforcement arrested RAGIN and MINGO at this location. At the time of these arrests, RAGIN was in possession of SUBJECT TELEPHONE #1, and MINGO was in possession of SUBJECT TELEPHONE #2.

  e. After his arrest, MINGO waived his *Miranda* rights and agreed to speak with law enforcement officers. MINGO admitted that he had driven RAGIN from New York to Virginia on November 15, 2012; that he had helped RAGIN unload the Shipment at the storage facility; that he had returned to storage facility with RAGIN; and that RAGIN had removed the Shipment from Location 3 on or about November 17, 2012. MINGO also stated that RAGIN had informed him on November 17, 2012 that the Shipment had been stolen from JFK Airport. At the time of his arrest, MINGO stated that he did not know the current location of the iPads.

4

f. A representative of CAS, has stated that the Shipment was part of a foreign shipment of goods being transported from Shanghai, China, and destined for Ingram Micro, which is located in Jonestown, Pennsylvania. The CAS representative further states that he did not give RAGIN, RICHARDSON, MINGO or UNSUB permission or authority to take and possess the Shipment.

g. Subscriber records for SUBJECT TELEPHONE #3 show that the financially responsible party for the telephone is an individual named "Robbie McRae" with an address in North Carolina, and the user for the telephone is an entity called "Ike, Inc." The majority of the telephone numbers on call logs for SUBJECT TELEPHONE #3 between November 1, 2012 and November 30, 2012, are also telephone numbers that are contained within the contacts list for SUBJECT TELEPHONE #2, which was in MINGO's possession at the time of his arrest. In addition, "Ike Lee" is an alias used by MINGO. Based on the above, agents involved in the investigation believe that SUBJECT TELEPHONE 3 is another phone used by MINGO.

h. On December 18, 2012, MINGO, RICHARDSON and RAGIN were indicted in the Eastern District of New York, Docket No. 12-CR-781 (WFK), for conspiracy to steal, receive and possess goods from a foreign shipment in violation, and receipt and

5

possession of goods from a foreign shipment, in violation of Title 18, United States Code, Sections 659 and 371.

5. Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from November 10, 2012 to November 23, 2012.

6. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated:   Brooklyn, New York
         May 1, 2013

_____
Alexandra E. Smith
Assistant United States Attorney
(718) 254-6370

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1 ° MISC 362

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION       :
OF THE UNITED STATES OF AMERICA       :   ORDER
FOR AN ORDER AUTHORIZING THE RELEASE  :   OF AUTHORIZATION
OF HISTORICAL CELL-SITE INFORMATION   :
- - - - - - - - - - - - - - - - - - - - x

This matter having come before the Court pursuant to an application by Assistant United States Attorney Alixandra E. Smith, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from the following three phone numbers: (1) 908-463-8944, a telephone issued by the service provider and assigned to a Samsung cellular phone recovered from RALPH RAGIN on November 21, 2012 ("SUBJECT TELEPHONE #1"), (2) 718-964-7435, a telephone issued by the service provider and assigned to an Apple iPhone recovered from HARRY MINGO on November 21, 2012 ("SUBJECT TELEPHONE #2"), and (3) 910-849-8749, a telephone issued by the service provider ("SUBJECT TELEPHONE #3"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message

transmissions, for the period from November 10, 2012 to November 23, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including theft of goods from a foreign shipment, in violation of 18 U.S.C. § 659, being conducted by the Federal Bureau of Investigation (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from November 10, 2012 to November 23, 2012.

Dated:   Brooklyn, New York
         May 1, 2013

_____
CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

13 MISC 362

- - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :    ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE     :    SERVICE PROVIDER
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from the following three phone numbers: (1) 908-463-8944, a telephone issued by the service provider and assigned to a Samsung cellular phone recovered from RALPH RAGIN on November 21, 2012 ("SUBJECT TELEPHONE #1"), (2) 718-964-7435, a telephone issued by the service provider and assigned to an Apple iPhone recovered from HARRY MINGO on November 21, 2012 ("SUBJECT TELEPHONE #2"), and (3) 910-849-8749, a telephone issued by the service provider ("SUBJECT TELEPHONE #3"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from November 10, 2012 to November 23, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION");

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the

HISTORICAL CELL-SITE INFORMATION for the period from November 10, 2012 to November 23, 2012.

Dated:   Brooklyn, New York
         May 1, 2013

　　　　　　　　　　　　　　　　　／s／ Cheryl L. Pollak
　　　　　　　　　　　　　　　　　CHERYL L. POLLAK
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　　EASTERN DISTRICT OF NEW YORK

Case 1:13-mc-00362-CLP Document 1 Filed 05/01/13 Page 10 of 10 PageID #: 10